IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MI'JETTE SIRMONS** and **TIFFANY HOUSEHOLDER**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**STAR MULTI CARE HOLDING CORP.**,<br><br>– and –<br><br>**EFCC ACQUISITION CORP.**,<br><br>– and –<br><br>**AMSERV HEALTHCARE OF OHIO, INC. d/b/a CENTRAL STAR HOME HEALTH SERVICES and d/b/a EXTENDED FAMILY CARE OF OHIO**,<br><br>– and –<br><br>**STEPHEN STERNBACH**,<br><br>Defendants. | CASE NO. 2:21-cv-456<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

**COMPLAINT – CLASS/COLLECTIVE ACTION**

Plaintiffs Mi'Jette Sirmons (Plaintiff Sirmons) and Tiffany Householder (Plaintff Householder) file this class and collective action Complaint against Defendants Star Multi Care Holding Corp. (Defendant Star Multi Care), EFCC Acquisition Corp. (Defendant EFCC), Amserv Healthcare of Ohio, Inc. d/b/a Central Star Home Health Services and d/b/a Extended Family Care of Ohio (Defendant Amserv), and Stephen Sternbach (Defendant Sternbach) (collectively Defendants), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C.

1

§201, *et seq*. (FLSA); the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.101, *et seq*., and Ohio Revised Code (O.R.C.) §4111.03(D) (Ohio Overtime Law). The following allegations are based on personal knowledge of Plaintiffs' own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA and the laws of Pennsylvania and Ohio.

2. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3. Plaintiff Sirmons also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and others like her who worked for Defendants in Pennsylvania and who suffered the same harms described below.

4. Plaintiff Householder also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and others like her who worked for Defendants in Ohio and who suffered the same harms described below.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

7. The Court has supplemental jurisdiction over the asserted Pennsylvania and Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8. Plaintiff Sirmons resides in Pittsburgh, Pennsylvania (Allegheny County), and was jointly employed by Defendants within this district and division. Plaintiff's written consent to join form is attached as **Exhibit A**.

9. Plaintiff Householder resides in Mansfield, Ohio and her written consent to join form is attached as **Exhibit A**.

10. Defendant Star Multi Care is a for-profit New York corporation which does business in Pennsylvania, with branch locations in the cities of Allentown, Lancaster, and Pittsburgh.

11. Defendant EFCC is a for-profit New York corporation registered to do business in Pennsylvania, with branch locations in the cities of Allentown, Lancaster, and Pittsburgh. "Extended Family Care" is a registered trade name of Defendant EFCC.

12. Defendant Amserv is a for-profit Delaware corporation registered to do business in Ohio. Registered trade names include "Central Star Home Health Services" and "Extended Family Care of Ohio."

13. Defendant Sternbach is an individual with a last known residential address of 115 Broadhollow Rd., Melville, New York 11747.

# FACTUAL ALLEGATIONS

## Defendants as Joint Employers

14. At all times relevant, Defendants were individually and jointly "employers" within the meaning of the FLSA, the PMWA, and the Ohio Overtime Law.

15. At all relevant times, Plaintiffs and those similarly situated were "employees" of Defendants.

16. At all relevant times, Defendants individually and jointly comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. Defendants jointly employ Plaintiffs and those similarly situated as hourly, non-exempt employees such as Licensed Practical Nurses (LPNs), State Tested Nurse's Aides (STNAs), and Home Health Aides (HHAs).

18. Plaintiff Sirmons worked for Defendants from approximately April 2018 to April 2020. Her hourly rate was approximately $10.

19. Plaintiff Householder worked for Defendants from approximately September 8, 2020 to December 23, 2020. Her hourly rate was approximately $11.

20. Defendants individually and jointly operate as an enterprise providing various home health care services.[1]

21. Defendants share and comingle resources, such as management, websites, and marketing; and Defendants share and jointly operate branch locations in New York, Florida, Ohio, and Pennsylvania.[2] Defendants' Orientation Handbook states that "Star currently maintains six

---

[1] *See* www.starmulticare.com/home-health-care-services (last viewed 4/8/21).

[2] *See e.g.*, starmulticare.com/contact-us/#branches; starmulticare-fl.com/contact-us/#branches;

4

offices across the States of New York, Ohio, Pennsylvania, and Florida. Through these offices Star services over 2,500 clients annually."

22. Defendants share operational control over significant aspects of the day-to-day functions of Plaintiffs and others similarly situated, including supervising and controlling schedules and conditions of employment.

23. Defendants' organization chart reflects that the Chief Executive Officer (Defendant Sternbach) and COO are over Clinical Services, which includes "Ohio Operations-Mansfield", "Florida Operations – Pembroke Pines", and "PA Operations-Allentown, Lancaster, Pittsburgh".

24. Defendants share authority to hire, fire and discipline employees, including Plaintiffs and others similarly situated. For example, Defendants potential applicants are directed to the shared website of www.starmulticare.com/employment/, Defendants list that positions are available in all Star Multi Care locations: New York, Ohio, Pennsylvania, and South Florida. Defendants continue, "Star Multi Care hires only the best of the best" and that they "are experiencing rapid growth at Star Multi Care and therefore, have an on-going need for exceptional healthcare personnel, and invite you to consider the employment opportunities at Star Multi Care and our family of companies [3]

25. Additionally, on the shared website of www.starmulticare.com/employment-application Defendants make the following statements:

    a. Star Multi Care Holding Corp. & Subsidiaries is an Equal Opportunity Employer.

    b. We are glad you are interested in joining Star Multi Care Holding Corp. & Subsidiaries' team. Please read the following statements carefully before you agree and submit this application.

---

centralstarhomehealth.com/contact-us/#branches; and extendedfamilycare.com (last viewed 4/8/21).
[3] www.starmulticare.com/employment/ (last viewed 4/8/21).

      c.    Star Multi Care & Subsidiaries, in considering your application for employment, may verify the information set forth on this application and obtain additional information related to your background.

      d.    Star Multi Care & Subsidiaries offers reasonable accommodations in the hiring and employment process for individuals with disabilities.[4]

26.    Defendants share authority to set rates and methods of compensation of Plaintiffs and others similarly situated.

27.    Defendants share control and maintenance of employment records.

28.    Defendants have mutually benefitted from the work performed by Plaintiffs and others similarly situated.

29.    Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs and others similarly situated.

30.    Defendants share the services of Plaintiffs and others similarly situated.

31.    Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and others similarly situated.

32.    Defendant Sternbach "has been the Chairman of the Board of Directors, President, and Chief Executive Officer of Star Multi Care Services since 1987." After Defendant Sternbach "brought the company private where he remains President and CEO of this 30-million dollar company." According to Defendants, "[w]ith Sternbach at the helm, Star Multi Care Services employs more than 650 employees, in six offices throughout Florida, Pennsylvania, Ohio and New York." Further, Defendant "Sternbach concentrated most of his efforts over the past three decades towards

---

[4] www.starmulticare.com/employment-application (last viewed 4/8/21).

continuously improving the quality of services delivered by the Star Multi Care Services' family of companies."[5]

33. According to Defendants' Handbook, "[n]o officer or representative of the Company has any authority . . . to make any Agreement, express or implied, that is contrary to the [Employee Handbook], unless it is in writing and is signed by the President" (Defendant Sternbach).

34. According to Defendants' Handbook, employees are instructed to contact "the Director of Human Resources or the Chief Executive Officer" (Defendant Sternbach) concerning potential violations of certain polices. It continues "please immediately contact the Chief Executive Officer, who will ensure that an investigation is immediately conducted."

## Unpaid Location-to-Location Travel Time

35. Defendants do not pay their hourly homecare providers, including Plaintiffs and those similarly situated, for time spent traveling from one patient location to the next in the same workday, nor do Defendants count this time as hours worked for the workweek.

36. Such time is compensable under the continuous workday rule.

37. Plaintiffs and those similarly situated regularly worked more than 40 hours in a workweek.

38. Failure to pay this compensable time and failure to record it as time worked results in unpaid overtime in any weeks where an employee worked more than 40 hours in a workweek.

39. Further, Defendants' Handbook states that transportation to and from patient homes "is at their own expense." Accordingly, this policy also violates the FLSA, and Pennsylvania and

---

[5] *See e.g.* www.starmulticare.com/about-us-3/stephen-sternbach-ceo or centralstarhomehealth.com/stephen-sternbach-ceo or starmulticare-fl.com/stephen-sternbach-ceo (last viewed 4/8/21).

7

Ohio law to the extent unreimbursed costs for location-to-location travel in the same workday reduces overtime compensation.

### Failure to Keep Accurate Records

40. As a result of the violations stated above, Defendants failed to make, keep and preserve records of the all hours worked by Plaintiffs and other similarly situated employees, as required by the FLSA, and by Pennsylvania and Ohio law. To the extent accurate records were not kept, Plaintiffs and those similarly situated are entitled to a reasonable estimate.

### COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

42. Plaintiffs bring this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former full-time hourly homecare providers, including but not limited to, LPNs, HHAs, and STNAs, employed by Defendants and who worked at more than one location in the same workday from the 3 years preceding the filing of this Complaint through final disposition of this action ("FLSA Collective").**

43. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly employees of Defendants, and all were subjected to and injured by Defendants' unlawful practices of failing to pay them all overtime hours worked.

44. The FLSA Collective members have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

45. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

46. Plaintiffs cannot yet state the exact number of similarly situated persons but according to Defendants' representations the number could be several hundreds of similarly situated employees during the relevant time period. Such persons are readily identifiable through the payroll records that Defendants are presumed to have maintained and were required to maintain pursuant to the FLSA.

47. To the extent Defendants failed to keep records as required by law, Plaintiffs and those similarly situated are entitled to a reasonable estimate of hours worked.

### PENNSYLVANIA RULE 23 CLASS ACTION STATEMENT/ALLEGATIONS

48. Plaintiff Sirmons further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and the following class:

> **All present and former full-time hourly homecare providers, including but not limited to, LPNs, HHAs, and STNAs, employed by Defendants in Pennsylvania and who worked at more than one location in the same workday from the 3 years preceding the filing of this Complaint through final disposition of this action ("Pennsylvania Class").**

49. The Pennsylvania Class is so numerous that joinder of all class members is impracticable. Plaintiff Sirmons is unable to state the exact size of the potential Pennsylvania Class, which will be in Defendants' records if kept, but Plaintiff Sirmons estimates that it is approximately at least 100 individuals within the relevant time period.

50. There are questions of law or fact common to the Pennsylvania Class including: whether Defendants failed to pay them for all hours worked such as location-to-location travel time in the same workday, whether such unpaid hours resulted in unpaid overtime, and whether such overtime remains unpaid.

51. Plaintiff Sirmons' claims are typical of the those of the Pennsylvania Class members. Defendants need only identify the putative class members that were scheduled for and worked more than one location within the same workday.

52. Plaintiff Sirmons will adequately protect the interests of the Pennsylvania Class members. Plaintiff Sirmons' interests are not antagonistic to but, rather, are in unison with, the interests of the Pennsylvania Class members. Plaintiff Sirmons' counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Pennsylvania Class in this case.

53. The questions of law or fact that are common to the Pennsylvania Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class are common and typical to each class as a whole and predominate over any questions affecting only individual class members.

54. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Pennsylvania Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Pennsylvania Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## OHIO RULE 23 CLASS ACTION STATEMENT/ALLEGATIONS

55. Plaintiff Householder further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and the following class:

> **All present and former full-time hourly homecare providers, including but not limited to, LPNs, HHAs, and STNAs, employed by Defendants in Ohio and who worked at more than one location in the same workday from the 2 years preceding the filing of this Complaint through final disposition of this action ("Ohio Class").**

56. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff Householder is unable to state the exact size of the potential Ohio Class, which will be in Defendants' records if kept, but Plaintiff Householder estimates that it is approximately at least 100 individuals within the relevant time period.

57. There are questions of law or fact common to the Ohio Class including: whether Defendants failed to pay them for all hours worked such as location-to-location travel time in the same workday, whether such unpaid hours resulted in unpaid overtime, and whether such overtime remains unpaid.

58. Plaintiff Householder's claims are typical of the those of the Ohio Class members. Defendants need only identify the putative class members that were scheduled for and worked more than one location within the same workday.

59. Plaintiff Householder will adequately protect the interests of the Ohio Class members. Plaintiff Householder's interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff Householder's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

60. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendants' liability to the class are common and typical to each class as a whole and predominate over any questions affecting only individual class members.

61. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

62. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

63. Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the opt-ins who will join this case pursuant to 29 U.S.C. § 216(b).

64. Defendants are covered by the FLSA and the FLSA Collective members are not exempt from the protections of the FLSA.

65. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

66. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

67. Defendants have a companywide policy of not paying the FLSA Collective members for compensable work, such as location-to-location travel, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

68. Defendants knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

69. Section 16(b) of the FLSA entitles Plaintiffs and those similarly situated to an award of unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fee, and costs.

70. As a result of Defendants' practices, Plaintiffs and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (PMWA Class Violations)

71. Plaintiff Sirmons incorporate by reference the foregoing allegations as if fully rewritten herein.

72. Defendants are individual and joint "employers" covered by the overtime requirements set forth in the PMWA.

73. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

74. The PMWA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

75. As employees of Defendants, Plaintiff Sirmons and the Pennsylvania Class members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

76. Defendants had a companywide policy of not paying the Pennsylvania Class members for compensable work, such as location-to-location travel, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

77. Plaintiff Sirmons and the Pennsylvania Class members are not exempt under the PMWA.

78. Defendants' practice and policy of not paying Plaintiff Sirmons and the Pennsylvania Class members all overtime compensation earned at one and one-half times their regular rate of pay violated the PMWA.

79. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the PMWA.

80. As a result of Defendants' practices, Plaintiff Sirmons and the Pennsylvania Class members have been harmed in that they have not received wages due to them pursuant to the PMWA; and because wages remain unpaid, damages continue.

81. Pursuant to Pennsylvania law, Plaintiff Sirmons is entitled to attorneys' fees and costs incurred.

## COUNT TWO
### (Ohio Class Violations)

82. Plaintiff Householder incorporate by reference the foregoing allegations as if fully rewritten herein.

83. Defendants are individual and joint "employers" covered by the overtime requirements set forth in the Ohio Overtime Law.

84. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

85. The Ohio Overtime Law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

86. As employees of Defendants, Plaintiff Householder and the Ohio Class members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

87. Defendants had a companywide policy of not paying the Ohio Class members for compensable work, such as location-to-location travel, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

88. Plaintiff Householder and the Ohio Class members are not exempt under the Ohio Overtime Law.

89. Defendants' practice and policy of not paying Plaintiff Householder and the Ohio Class members all overtime compensation earned at one and one-half times their regular rate of pay violated the Ohio Overtime Law.

90. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Overtime Law.

91. As a result of Defendants' practices, Plaintiff Householder and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the Ohio Overtime Law; and because wages remain unpaid, damages continue.

92. Pursuant to Ohio law, Plaintiff Householder is entitled to attorneys' fees and costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and other members of the class/collective, seek the following relief:

A. An Order certifying this case as a collective action in accordance with 29 U.S.C. §216(b) with respect to the FLSA claim;

B. An Order certifying this action as a class action with respect to the PMWA and Ohio Overtime Law claims;

C. Liquidated damages to the fullest extent permitted under the FLSA;

D. Litigation costs, expenses, and attorneys' fees;

E. Pre-judgment and/or post-judgment interest at the statutory rate; and,

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:    (614) 824-5770
Facsimile:     (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:    (330) 470-4428
Facsimile:     (330) 754-1430
Email: hans@ohlaborlaw.com
             sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

>*/s/ Robi J. Baishnab*
>*Counsel for Plaintiffs*