IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MI'JETTE SIRMONS** and **TIFFANY HOUSEHOLDER**, on behalf of themselves and all others similarly situated, | ) ) ) ) Case No. 2:21-cv-00456-CB ) ) Judge Cathy Bissoon |
| Plaintiffs, | ) ) |
| v. | ) **ORDER GRANTING** ) **PRELIMINARY APPROVAL OF** ) **COLLECTIVE AND CLASS ACTION** |
| **STAR MULTI CARE SERVICES,** *et al.*, | ) **SETTLEMENT** ) |
| Defendants. | ) ) |

Representative Plaintiffs Mi'Jette Sirmons and Tiffany Frazier (formerly known as Tiffany Householder) ("Representative Plaintiffs"), on behalf of themselves and of the Eligible Settlement Members, and Defendants Star Multi Care Holding Corp., EFCC Acquisition Corp., Amserv Healthcare of Ohio, Inc. d/b/a Central Star Home Health Services and d/b/a Extended Family Care of Ohio, and Stephen Sternbach ("Defendants") (collectively, the "Parties") have moved the Court to preliminarily approve the Parties' Collective and Class Action Settlement Agreement and Release of the claims brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §216(b), and corresponding state law claims, subject to supplemental jurisdiction, under the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§333.101, *et seq.*, and the Ohio Revised Code §4111.03(D), the requested Service Awards to Representative Plaintiffs, to appoint Nilges Draher LLC as Class Counsel and to preliminarily approve the requested attorneys' fees and costs, including settlement administration costs, and to schedule a hearing to consider the fairness of the Rule 23 Class settlement pursuant to Fed. R. Civ. P. 23.

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion, the Declaration of Robi J. Baishnab appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby preliminarily approves the

- 2 -

Settlement, as well as the release and dismissal of all claims alleged in the Action and as provided in the Settlement Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Settlement Agreement.

2. On April 9, 2021, Representative Plaintiffs filed a wage and hour class and collective action complaint against Defendants seeking all available relief under the FLSA, the PMWA, and the Ohio Rev. Code § 4111.03(D). Specifically, Representative Plaintiffs alleged that Defendants failed to pay compensable time spent traveling from one patient location to the next in the same workday, and that Defendants failed to record this time as hours worked, which resulted in unpaid overtime. Representative Plaintiffs' FLSA claims originally concerned New York, Florida, Ohio, and Pennsylvania. Defendants filed their Answer on June 11, 2021, denying all liability.

3. On July 2, 2021, the Parties filed their Stipulation Selecting ADR process and on July 14, 2021, the Court referred the Action to Mediation.

4. As part of the Mediation process and negotiations, Representative Plaintiffs filed an Amended Complaint, primarily to narrow the alleged FLSA collective to exclude Florida.

5. On August 24, 2021, the Parties' stipulated to the FLSA collective class, approved by the Court as follows:

> All present and former full-time hourly, LPNs, HHAs, and STNAs, employed by Defendants in Ohio, Pennsylvania, and New York, and who worked at more than one location on the same workday from three (3) years prior to the date of approval of stipulation.

6. On September 7, 2021, Defendants filed their Answer to the Amended Complaint, denying all liability.

7. On November 30, 2021, the Parties mediated with third-party neutral, Frank Ray, and on December 22, 2021, the Parties filed their Joint Notice of Settlement.

8. The Settlement Agreement is subject to approval by the Court pursuant to the FLSA and Fed. R. Civ. P. 23(e). This Court denied the Parties last two motions without prejudice.

9. The Court finds that Settlement was achieved after arm's length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating collective and class wage and hour claims; and the Parties mediated before a third-party neutral.

10. The Court finds that Settlement resolves a bona-fide disputed matter. The Parties disagreed, and continue to disagree, as to whether Defendants failed to pay the Eligible Settlement Members all overtime earned as alleged, whether liquidated damages are appropriate, whether the 2-year or 3-year statutory period should apply, whether joint employment could be established, and whether the case could proceed collectively. Nevertheless, the Parties have resolved the matter.

11. The Court approves the Notice of Settlement and the means of distribution as outlined in the Agreement. The Notice provides detailed and easy-to-read information concerning settlement, estimated payments, provisions of fees and costs, applicable release, the ability to object or withdraw, and the right to appear before the Court. The Court directs distribution of the Notice as outlined in the Agreement.

12. The Court preliminarily approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and corresponding Ohio and Pennsylvania law claims subject to supplemental jurisdiction. The proposed Settlement Class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority.

13. The Representative Plaintiffs Mi'Jette Sirmons and Tiffany Frazier (formerly known as Tiffany Householder) are adequate representatives of the Eligible Settlement Members – they are members of the class, and they possess the same interests and suffered the same alleged injuries as the class members. The definition of the class in the Agreement encompasses persons with like factual circumstances and like claims, and such class is provisionally certified as: "present and former full-time hourly, LPNs, HHAs, and STNAs, employed by Defendants in Ohio, Pennsylvania, and New York, and who worked at more than one location on the same workday from August 24, 2018, to August 24, 2021, including Representative Plaintiffs and current Opt-in Plaintiffs."

14. The payments made available to the Eligible Settlement Members are commensurate with their claims. The Court finds there is sufficient basis to conclude preliminarily that the proposed settlement is fair, reasonable, and adequate.

15. The Court preliminarily approves the Service Awards for Representative Plaintiffs in recognition of their services in this Action and as provided in the Settlement Agreement.

16. The Court appoints Nilges Draher LLC as Class Counsel, and preliminarily approves the payment of attorneys' fees and expenses to as provided in the Settlement Agreement.

17. The Court approves Analytics Consulting LLC as the Settlement Administrator.

18. The Court preliminarily approves the payment of settlement administration costs as provided in the Settlement Agreement. This includes approval of reasonable increases above the current estimated costs, to be drawn solely from the Global Settlement Fund to account for unforeseen costs incurred in effectuating notice and settlement.

19. The Fairness Hearing will be held on **Monday, February 13, 2023 at 10:00 a.m.**

in Courtroom 3A of Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219. Eligible Settlement Members requesting exclusion from the Settlement and/or objecting to the Settlement must timely request exclusion and/or file objections in the time and the manner set forth in the Notice of Settlement. Specifically, the Eligible Settlement Members must take such steps by no later than 60 days after the initial mailing of the Notice of Settlement.

20.   Prior to the Fairness Hearing, Class Counsel shall file the Court a Declaration verifying that the Notice of Settlement was distributed to the Eligible Settlement Members in the form and manner approved herein.

IT IS SO ORDERED this 28th day of September, 2022.

                                                              s/Cathy Bissoon
                                                              CATHY BISSOON
                                                              UNITED STATES DISTRICT COURT JUDGE