IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MI'JETTE SIRMONS** and **TIFFANY HOUSEHOLDER**, on behalf of themselves and all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>**STAR MULTI CARE SERVICES,** *et al.*, <br><br>Defendants. | Case No. 2:21-cv-00456-CB <br><br>Judge Cathy Bissoon <br><br>**JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT** |

Representative Plaintiffs Mi'Jette Sirmons and Tiffany Householder[1] ("Representative Plaintiffs"), on behalf of themselves and of the Class Members, and Defendants Star Multi Care Holding Corp., EFCC Acquisition Corp., Amserv Healthcare of Ohio, Inc. d/b/a Central Star Home Health Services and d/b/a Extended Family Care of Ohio, and Stephen Sternbach ("Defendants") (collectively, the "Parties") hereby jointly and respectfully request that this Honorable Court finally approve the Parties' collective and class action settlement, finally approve the requested Service Awards to Representative Plaintiffs, and finally approve the requested attorneys' fees and costs, as well as settlement administration costs.

In support of this Motion, the Parties submit the following:

    **Exhibit 1**:    Declaration of Settlement Administrator, Analytics Consulting LLC;

    **Exhibit 2**:    Declaration of Mark S. Fusco; and,

    **Exhibit 3**:    Proposed Order Granting Final Approval of Settlement.

---

[1] Since initiating this action, Tiffany Householder married and is now known as Tiffany Frazier.

i

Respectfully submitted,

| | |
|---|---|
| */s/Robi J. Baishnab* | *s/Mark S. Fusco (with permission)* |
| Robi J. Baishnab (OH 0086195) | Mark S. Fusco (*admitted pro hac vice*) |
| **NILGES DRAHER, LLC** | Email: mfusco@walterhav.com |
| 1360 E. 9th Street, Suite 808 | Direct Dial: 216-619-7839 |
| Cleveland, OH 44114 | Fax: 216-575-0911 |
| (216) 230-2955 | **WALTER | HAVERFIELD LLP** |
| (330) 754-1430 (Fax) | 1301 E. Ninth Street, Suite 3500 |
| rbaishnab@ohlaborlaw.com | The Tower at Erieview |
| | Cleveland, OH 44114 |
| Hans A. Nilges (OH 0076017) | |
| Shannon M. Draher (OH 0074304) | and |
| **NILGES DRAHER, LLC** | |
| 7034 Braucher St NW, Suite B | Kerri C. Sturm (PA ID# 89838) |
| North Canton, OH 44720 | **BERNSTEIN BURKLEY** |
| (330) 470-4428 | 707 Grant Street Suite 2200 |
| (330) 754-1430 (Fax) | Gulf Tower |
| sdraher@ohlaborlaw.com | Pittsburgh, PA 15219 |
| hans@ohlaborlaw.com | Phone: (412) 456-8100 |
| | Fax: (412) 456-8135 |
| *Class Counsel* | Email: ksturm@bernsteinlaw.com |
| | |
| | *Attorneys for Defendants* |

**MEMORANDUM IN SUPPORT**

I. **Introduction.**

    A. **Summary of claims and status since the September 28, 2022, preliminary approval Order.**

Representative Plaintiffs' Original Complaint was filed on April 9, 2021, in which they alleged class and collective overtime claims against Defendants under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §216(b), and corresponding state law claims, subject to supplemental jurisdiction, under the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.101, *et seq.*, and the Ohio Revised Code § 4111.03(D). Specifically, Representative Plaintiffs alleged that Defendants failed to pay compensable time spent traveling from one patient location to the next in the same workday, and that Defendants failed to record this time as hours worked, which allegedly resulted in unpaid overtime. Defendants have denied liability throughout this litigation. (*See e.g.*, ECF Nos. 1, 21, 34, 40, 41; Agreement at ¶5).

The Parties previously stipulated to a conditionally certified collective consisting of present and former full-time hourly, LPNs, HHAs, and STNAs, employed by Defendants in Ohio, Pennsylvania, and New York, and who worked at more than one location on the same workday from August 24, 2018, to August 24, 2021. The Parties mediated before third-party neutral on November 30, 2021, which resulted in settlement. (*See e.g.*, ECF Nos. 26, 33, 35, 39, 42-44, 51; Agreement at ¶¶2-4).

On September 28, 2022, the Court granted the Parties' Joint Motion for preliminary approval of proposed collective and class action settlement. Therein, the Court preliminarily approved settlement, including the release and dismissal of all claims alleged in the action. (ECF No. 70). The Court found that "Settlement was achieved after arm's length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating

1

collective and class wage and hour claims," and that "Settlement resolves a bona-fide disputed matter." (*Id*. at ¶¶9-10).

The Court approved the Notice of Settlement and directed distribution of the Notice by Analytics Consulting LLC (the "Settlement Administrator") as outlined in the Agreement. (*Id*. at ¶¶11, 17). The Court preliminarily approved "as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and corresponding Ohio and Pennsylvania law claims," and held that the requirements of Rule 23(a) (commonality, numerosity, typicality, and adequacy of representation) and the requirements of Rule 23(b) (predominance and superiority) were satisfied. (*Id*. at ¶¶12-14). The Court also preliminarily approved the Service Awards to Representative Plaintiffs, and the payment of attorneys' fees and costs as provided in the Settlement Agreement. (*Id*. at ¶¶15-16, 18).

On June 17, 2022, Defendants' Counsel sent CAFA Notices to the Attorneys General of States where Class Members were residents, according to defendants' records, and the Attorney General of the United States. (**Ex. 2** at ¶3).

Following preliminary approval, the Parties provided the Settlement Administrator a copy of the Court's September 28, 2022, preliminary approval Order, along with the approved Notice and contact information needed to effectuate Notice. (**Ex. 1** at ¶6). On October 26, 2022, Notice was sent by U.S. first-class mail to the 59 Class Members. (*Id*. at ¶8). Of the Notices sent, five (5) Notices were returned to the Settlement Administrator by the U.S. Postal Service without a forwarding address. The Settlement Administrator conducted a skip trace in an attempt to ascertain a valid address for the affected Class Members. As a result of these efforts, two (2) new addresses were identified for Class Members. The Settlement Administrator subsequently updated the Class

2

List with the new address and processed a re-mail of the Notice to each of the affected Class Members. (*Id*. at ¶9).

The deadline to request exclusion or object was December 27, 2022, and as of this filing, the Settlement Administrator received zero exclusion requests and zero objections to settlement. (*Id*. at ¶10).

A fairness hearing is scheduled for Monday, February 13, 2023, at 10:00 a.m. (ECF No. 70 at ¶19), and this Motion for final approval is being filed in advance of the hearing.

### B. Summary of Settlement terms.

As detailed in the Parties' Joint Motion for preliminary settlement approval, settlement resolves a bona-fide disputed matter. (ECF No. 68 at 6). While both sides believed in the merits of their respective client's positions, settlement relieves the Parties of the uncertainty and costs of continued litigation. (*Id*. at 7). Final approval of settlement will fully and finally resolve this Action, including dismissal of this lawsuit and all claims alleged. (Agreement at ¶¶23-24, 33).

Settlement includes 59 Class Members who were timely sent Notice with zero requests for exclusion and zero objections received. (**Ex. 1** at ¶10). Of the $100,000 Global Settlement Fund $2,500 will be distributed to each Representative Plaintiff as Service Awards, one-third, or $33,333.33, will be distributed to Class Counsel as attorneys' fees, $7,515.06 will be distributed to Class Counsel for litigation costs, and $2,500 will be paid to the Settlement Administrator. The remaining $51,651.61 will be allocated on a *pro rata* basis among the settlement class members and then distributed by the Settlement Administrator upon final approval by the Court. The average payment is approximately $875.00. (ECF No. 68 at 8-9).

3

## II.   The Court should finally approve the collective and class settlement.

### A.  Settlement resolves a bona fide dispute.

As outlined in their Joint Motion for preliminary settlement approval, this settlement resolves a bona fide dispute, and is submitted to the Court for approval. *Bettger v. Crossmark, Inc.*, No. 1:13-cv-2030, 2015 U.S. Dist. LEXIS 7213, at *8-9 (M.D. Pa. Jan. 22, 2015.). This Settlement satisfies the factors of consideration set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Final approval of the Settlement is appropriate because it represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Kapolka v. Anchor Drilling Fluids USA, LLC*, No. 2:18-cv-01007-NR, 2019 U.S. Dist. LEXIS 182359, at *2 (W.D. Pa. Oct. 22, 2019).

Settlement satisfies the "two-part fairness inquiry" because "(1) the settlement is fair and reasonable for the employee(s), and (2) the agreement furthers the FLSA's implementation in the workplace." *Id*. at *3. For example, as the Court previously found that "Settlement was achieved after arm's length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating collective and class wage and hour claims," and that "Settlement resolves a bona-fide disputed matter." (ECF No. 70 at ¶¶9-10). Accordingly, there is a "strong presumption in favor of finding [the] settlement fair[.]" *Kapolka* 2019 U.S. Dist. LEXIS 182359, at *2 (*citing Crabtree v. Volkert, Inc.*, No. CIV.A. 11-0529-WS-B, 2013 U.S. Dist. LEXIS 20543, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)) (internal quotations omitted).

### B. Settlement satisfies the nine *Girsh* factors.

Settlement satisfies the nine Rule 23 factors, or *Girsh* factors. *Kapolka*, 2019 U.S. Dist. LEXIS 182359, at *2. The nine *Girsh* factors include:

1. the likely complexity, length, and expense of continued litigation;

2. the class's reaction to the settlement;

3. the stage of the proceedings and amount of discovery completed;

4. the risks of establishing liability;

5. the risks of establishing damages;

6. the risks of maintaining the class action through trial;

7. the defendants' ability to withstand a greater judgment;

8. the range of reasonableness of the settlement fund in light of the best possible recovery; and,

9. the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*See Sakalas v. Wilkes-Barre Hosp. Co.,* No. 3:11-CV-0546, 2014 U.S. Dist. LEXIS 63823, at *5 (M.D. Pa. May 8, 2014) (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

### 1. The procedural posture, the amount of discovery completed, and the complexity, risks, length, and expense of litigation support final settlement approval.

Employment cases, in particular wage-and-hour cases, are complex, expensive, and time consuming. *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *10 (S.D. Ohio Nov. 25, 2019). This lawsuit is nearly three years old. (ECF No. 1). The Parties disagreed on all material issues throughout litigation, and though they stipulated to conditional certification, Defendants expressly reserved all defenses concerning collective treatment of the case. (ECF Nos. 35 and 39; Agreement at ¶30). If litigation continued, the Parties

5

would likely be entangled in complex written discovery that would include interrogatories, document production, and requests for admission. Discovery would cover the three states of New York, Ohio, and Pennsylvania, and it would include voluminous handwritten PDFs with sensitive HIPAA information. (ECF No. 68 at 12-13, *citing* Baishnab Decl. at ¶16).

Using time and pay data produced by Defendants, Class Counsel engaged a PhD economist vendor to create a damages model, which was shared with the mediator and served as a basis for settlement negotiations. (ECF No. 68 at 13, *citing* Agreement at ¶6). Settlement was reached after the Parties were first "fully informed as to the strengths and weaknesses of their respective positions." *Arp v. Hohla & Wyss Ents., LLP*, No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512, at *12 (S.D. Ohio Nov. 5, 2020).

The Court approved the Notice of Settlement and the means of distribution, holding that the Notice provided detailed and easy-to-read information concerning settlement, estimated payments, provisions of fees and costs, applicable release, the ability to object or withdraw, and the right to appear before the Court. (ECF No. 70 at ¶11). The settlement class had 60 days to exclude themselves or otherwise object. However, no exclusions or objections have been received. (**Ex. 1** at ¶10). According, factors 1 through 3 support final approval of settlement.

## 2. The remaining *Girsh* factors support final settlement approval.

The total Settlement Amount of $100,000 reflects approximately three-years of fully liquidated damages at an approximately average of 35 minutes of unpaid location-to-location travel time per day. (ECF No. 68 at 14, *citing* Baishnab Decl. at ¶15). This result exceeds other results deemed to be fair, adequate, and reasonable. *See el.g.*, *Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (settlement of 10% of maximum); *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *20 (N.D. Ohio

Mar. 8, 2010) (1/3 of alleged unpaid wages).

There was no certainty that Plaintiffs would have secured more through trial, which could even result in no recovery, and the final settlement value that was achieved exceeded the calculated expected value that was calculated by Class Counsel. (ECF No. 68 at 14-15, *citing* Baishnab Dec. at ¶¶13-15). The average payment is estimated to exceed $875.00. (ECF No. 68 at 15, *citing* Agreement at ¶62; Baishnab Decl. at ¶15).

As outlined above, in preliminarily approving settlement, the Court found that settlement was fair, reasonable, and adequate settlement of the claims made pursuant to the FLSA and corresponding Ohio and Pennsylvania law claims. (ECF No. 70 at ¶¶9-14). Accordingly, all *Girsh* factors support final approval of settlement.

### 3. The requirements of Rule 23(a), (b), and (e) are satisfied.

As outlined above, the Court approved the content and distribution of Notice to the Class and held that the requirements of Rule 23(a) (commonality, numerosity, typicality, and adequacy of representation) and that the requirements of Rule 23(b) (predominance and superiority) were satisfied. (*Id*. at ¶¶11-14, 17).

The Settlement Administrator timely sent approved and informative Notice to the Class, U.S. Postal mailing was a reasonable manner of delivery, and after a 60-day notice period, received zero exclusion requests and zero objections to settlement. (**Ex. 1**). Accordingly, final approval is warranted under Rule 23(e).

### C. The Court should finally approve the Service Awards.

As noted above, the *Girsh* factors are satisfied, informative Notice issued to the Class, and no one objected or excluded themselves. Therefore, Representative Plaintiffs achieved an excellent result for the entire Class. The Service Awards are consistent with awards routinely approved by

courts in class action litigation. *Haught v. Summit Resources, LLC*, No. 1:15-cv-0069, 2016 U.S. Dist. LEXIS 45054, at *19 (M.D. Pa. Apr. 4, 2016).

The Services Awards should be finally approved because it compensates Representative Plaintiffs "for the services they provided and the risks they incurred during the course of the class action litigation." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (further citation omitted)).

### D. The Court should finally approve the requested attorneys' fees and reimbursement of costs.

As outlined in their Joint Motion for preliminary settlement approval, the Court should approve the requested payment of attorneys' fees of one-third of the Global Settlement Fund, or $33,333.33.

The requested fees and reimbursement of costs are consistent with the terms of the FLSA, 29 U.S.C. § 216(b). Also, percentage-of-recovery is the favored method of awarding attorney's fees in common fund cases in the Third Circuit. *In re Diet Drugs*, 584 F.3d 524, 540 (3d Cir. 2009), and one-third fees are typical in wage and hour cases. *See e.g.*, *Sullivan v. Lewisburg Pizza*, No. 3:18-cv-1455, Doc. 98 (M.D. Pa. Feb. 19, 2021); *Hall v. Best Buy Co., Inc.*, 274 F.R.D. 154, 173 (E.D. Pa. 2011); *Crevatas v. Smith Smith Mgmt. & Consulting, LLC*, 2017 U.S. Dist. LEXIS 40857, at *13 (M.D. Pa. Mar. 22, 2017); *see also*, *Fletcher v. Campbell Dev. LLC*, Civil Action No. 20-641, 2020 U.S. Dist. LEXIS 236208, at *4 (W.D. Pa. Dec. 16, 2020) (approving 20-45%) (further citation omitted). Additionally, a "district court cannot decrease a fee award based on factors not raised at all by the adverse party." *Mantz v. Steven Singer Jewelers*, 100 F. App'x 78, 80-82 (3d Cir. 2004) (internal quotation marks and further citation omitted).

Having accepted this case on a contingent fee basis, advancing all litigation costs, and

8

assuming risks of no recovery, Class Counsel has not received any payments during the course of litigation and settlement approval. (ECF No. 68 at 18, citing Baishnab Decl. at ¶19; *Ganci*, 2019 U.S. Dist. LEXIS 207645, at *19).

Reimbursement of actual litigation costs of $7,515.06 to Class Counsel and payment of $2,500 to the Settlement Administrator is customary under the common fund doctrine. *Brandenburg*, 2019 U.S. Dist. LEXIS 204371, at *20 (further citation omitted). These costs are reasonable and were incurred in the prosecution of the case on behalf of the Class. Accordingly, the Court should finally approve reimbursement and payment of costs as outlined in the Agreement.

### III. Conclusion

The Parties request that this Court enter the Order, attached hereto as Exhibit 3, granting final approval of the Parties' collective and class action settlement.

Respectfully submitted,

*/s/Robi J. Baishnab*
Robi J. Baishnab (OH 0086195)
**NILGES DRAHER, LLC**
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
(216) 230-2955
(330) 754-1430 (Fax)
rbaishnab@ohlaborlaw.com

Hans A. Nilges (OH 0076017)
Shannon M. Draher (OH 0074304)
**NILGES DRAHER, LLC**
7034 Braucher St NW, Suite B
North Canton, OH 44720
(330) 470-4428
(330) 754-1430 (Fax)
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Attorneys for Plaintiffs and Eligible Settlement Members*

*s/Mark S. Fusco (with permission)*
Mark S. Fusco (*admitted pro hac vice*)
Email: mfusco@walterhav.com
Direct Dial: 216-619-7839
Fax: 216-575-0911
**WALTER | HAVERFIELD LLP**
1301 E. Ninth Street, Suite 3500
The Tower at Erieview
Cleveland, OH 44114

and

Kerri C. Sturm (PA ID# 89838)
**Bernstein Burkley**
707 Grant Street Suite 2200
Gulf Tower
Pittsburgh, PA 15219
Phone: (412) 456-8100
Fax: (412) 456-8135
Email: ksturm@bernsteinlaw.com

*Attorneys for Defendants*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2023, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Class Counsel*