## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MI'JETTE SIRMONS** and **TIFFANY HOUSEHOLDER**, on behalf of themselves and all others similarly situated, | ) ) ) | Case No. 2:21-cv-00456-CB |
| | ) | Judge Cathy Bissoon |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER GRANTING FINAL APPROVAL OF SETTLEMENT** |
| **STAR MULTI CARE SERVICES,** *et al.*, | ) ) | |
| Defendants. | ) | |

Representative Plaintiffs Mi'Jette Sirmons and Tiffany Householder ("Representative Plaintiffs"), on behalf of themselves and of the Class Members, and Defendants Star Multi Care Holding Corp., EFCC Acquisition Corp., Amserv Healthcare of Ohio, Inc. d/b/a Central Star Home Health Services and d/b/a Extended Family Care of Ohio, and Stephen Sternbach ("Defendants") (collectively, the "Parties") have moved this Court for final approval of the collective and class action settlement.

Having reviewed the submissions on file, as well as the Parties' Joint Motion for Final Approval of Collective and Class Action Settlement ("Motion for Approval"), the Declarations of the Third-Party Administrator and of Mark S. Fusco appended thereto, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES, AND DECREES as follows:

1.      Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

2.      On April 9, 2021, Representative Plaintiffs filed a wage and hour class and collective action complaint against Defendants seeking all available relief under the FLSA, the PMWA, and the Ohio Rev. Code § 4111.03(D). Specifically, Representative Plaintiffs alleged that

Defendants failed to pay compensable time spent traveling from one patient location to the next in the same workday, and that Defendants failed to record this time as hours worked, which resulted in unpaid overtime. Representative Plaintiffs' FLSA claims originally concerned New York, Florida, Ohio, and Pennsylvania. Defendants filed their Answer on June 11, 2021, denying all liability.

3.      On July 2, 2021, the Parties filed their Stipulation Selecting ADR process and on July 14, 2021, the Court referred the Action to Mediation.

4.      As part of the Mediation process and negotiations, Representative Plaintiffs filed an Amended Complaint, primarily to narrow the alleged FLSA collective to exclude Florida.

5.      On August 24, 2021, the Parties' stipulated to the FLSA collective class, approved by the Court as follows: All present and former full-time hourly, LPNs, HHAs, and STNAs, employed by Defendants in Ohio, Pennsylvania, and New York, and who worked at more than one location on the same workday from three (3) years prior to the date of approval of stipulation.

6.      On September 7, 2021, Defendants filed their Answer to the Amended Complaint, denying all liability.

7.      On November 30, 2021, the Parties mediated with third-party neutral, Frank Ray, and on December 22, 2021, the Parties filed their Joint Notice of Settlement.

8.      On September 28, 2022, the Court entered a Preliminary Order provisionally certifying the Class pursuant to Rule 23(a) and (b)(3), granting preliminary approval of the Settlement Agreement Class pursuant to Rule 23(e), and approving the form, content, and methods of distribution of notices to Class members of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing. The Court provisionally approved Representative Plaintiffs as Class Representative of the Class, and appointed as Class Counsel Nilges Draher LLC.

9.      As represented by the Settlement Administrator, on October 26, 2022, Notice was sent by U.S. first-class mail to the 59 Class Members. The deadline to request exclusion or object was December 27, 2022, and as of this filing, the Settlement Administrator received zero exclusion requests and zero objections to settlement.

10.     On June 17, 2022, Defendants' Counsel sent CAFA Notices to the Attorneys General of States where Class Members were residents, according to defendants' records, and the Attorney General of the United States.

11.     The proposed settlement is subject to final approval by the Court.

12.     The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating collective and class wage and hour claims.

13.     The Parties have filed with the Court Declarations verifying that the Class Notice was distributed to members of the Class in the form and manner approved by the Court, and verifying that CAFA notice was effectuated.

14.     The Fairness Hearing convened as noticed on February 13, 2023.

15.     The Court finds that the members of the Class were given notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied all of the requirements of Civ. R. 23 and due process.

16.     As to Representative Plaintiffs and the Class, the Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of

predominance and superiority. Representative Plaintiffs are adequate representative of the Class in that they are members of the class and possesses the same interests and suffered the same injuries as the class's other members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

17.     Of the $100,000 Global Settlement Fund $2,500 will be distributed to each Representative Plaintiff as Service Awards, one-third, or $33,333.33, will be distributed to Class Counsel as attorneys' fees, $7,515.06 will be distributed to Class Counsel for litigation costs, and $2,500 will be paid to the Settlement Administrator. The remaining $51,651.61 will be allocated on a *pro rata* basis among the settlement class members and then distributed by the Settlement Administrator upon final approval by the Court. The average payment is approximately $875.00.

18.     The Court finally approves the Settlement Agreement and orders that it be implemented according to its terms and conditions and as directed herein.

19.     The Court finally approves the method of calculation and proposed distribution of settlement payments. The Class Settlement Payment is to be distributed to the Representative Plaintiffs and members of the Class as provided in the Settlement Agreement.

20.     The Court finally approves the Service Awards to Representative Plaintiffs in recognition of their service in this Action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

21.     The Court finally approves the payment of attorneys' fees as provided in the Settlement Agreement, the reimbursement of expenses to Class Counsel, and settlement administration costs in the amounts set forth in the Settlement Agreement, and orders that such

payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

22.     Representative Plaintiffs and the members of the Class release claims against Defendants as provided in the Settlement Agreement.

23.     The Court DISMISSES THIS ACTION WITH PREJUDICE.

24.     The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement.

25.     The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

26.     There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately.

IT IS SO ORDERED this 13th day of February, 2023.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT COURT JUDGE